## Charles E. Ball et al., Impleaded, etc., v. Charles Marske et al.

1.  RECEIVERS—*Appointment of, Where a Deficiency Decree is Entered in Foreclosure Proceedings.*—Where a trust deed in the process of foreclosure, covers not only the premises, but also the rents and income thereof, all being pledged for the payment of the secured notes and interest upon them, and a deficiency decree is entered, a receiver to collect the rent, etc., is properly appointed.

**Foreclosure of a Trust Deed.**—Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1900.  Affirmed.  Opinion filed February 21, 1902.

This case was a suit to foreclose a trust deed, and a warranty deed in the nature of a mortgage, both given as security for an indebtedness of $1,500 advanced to the defendants, William J. Murdoch and Caroline Murdoch.

The trust deed was executed by William J. Murdoch and Caroline Murdoch, his wife, conveying the premises described in the bill of complaint, and bore date the 26th day of December, 1896, being recorded in the recorder's office of Cook county, December 29, 1896.  The warranty deed was dated July 30, 1896, and recorded in the recorder's office January 30, 1897.  The trust deed and warranty deed each conveyed the same property.

The bill was in the usual form, and alleged that the trust deed and warranty deed were given to secure an indebtedness of $1,500, advanced to William J. Murdoch and Caroline Murdoch, for which a principal note for $1,500 was executed, and also certain notes to evidence the interest to become due on the principal note.

The bill alleged that the warranty deed was executed to the complainant, Marske, as additional security to the trust deed mentioned, and was executed before the money was advanced, and also alleges that the Lincoln and Fifth Ward Building and Loan Association entered into a contract to convey to William J. Murdoch the premises in question for the sum of $800; that the contract was assigned to the defendant in error, Charles Marske, and the deed was executed direct from the association to Marske, and that Marske was to hold the title as additional security. Answers and replications having been filed, the cause was referred to a master.

The master reported that there was due the complainant $1,721.63, and also $150 as solicitor's fees. Upon this a decree of sale was entered, the court finding in the decree that William J. Murdoch's interest in the real estate at the time of the execution of the trust deed consisted only of said contract of purchase from the Lincoln and Fifth Ward Building and Loan Association, and that after the execution of a trust deed, Murdoch, on the 27th day of February, 1897, assigned and transferred his interest in the contract to Marske, and that Marske thereupon paid to the association the consideration for the transfer as provided in the contract, and that the association executed to Marske the warranty deed, bearing date the 30th day of July, 1896, conveying the real estate to said Marske; and that upon taking title to the real estate it was understood and agreed between Marske and Murdoch that Marske should hold the title for the purpose of securing the moneys advanced and to be advanced by Marske, and that Charles Marske advanced to William J. Murdoch the whole amount of the sum of $1,500 mentioned in the principal note.

Ball v. Marske.

The plaintiffs in error were made defendants to the bill under a general allegation that they had or claimed some interest in the premises. All the defendants joined in one answer, the answer of all the defendants being simply a general denial of some of the allegations of the bill.

A decree for foreclosure was entered, under which the premises were sold to the complainant for $1,750, leaving a deficiency of $240.57, for which sum a deficiency decree was entered, and a receiver of the premises appointed to collect rent, etc.

William and Caroline Murdoch having conveyed the equity in the premises to Jennie Ball, she and Charles E. Ball moved to vacate the order appointing a receiver.

R. HEBER BEATTIE, attorney for the plaintiffs in error.

WALTHER & LANAGHEN, attorneys for defendants in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Plaintiffs in error are mistaken in supposing that there was only a foreclosure of the formal instrument of mortgage; all the claims which the complainant had upon the premises to secure the indebtedness to him were disposed of by the foreclosure proceeding; the warranty deed, and the assignment of contract, as well as the mortgage; whoever shall take title under the sale will acquire all the title to the premises complainant had by virtue of these instruments.

That the mortgage notes were properly indorsed to and owned by the complainant clearly appeared. The receiver was properly appointed.

The trust deed covered not only the premises, but also the rent and income thereof; all being pledged for the payment of the secured notes and interest thereon.

The complainant has recovered nothing save that to which he was plainly entitled, and no more than appellant Jennie Ball, when she purchased, must have known the premises were subject to, if she made proper inquiry.

The decree of the Circuit Court is affirmed.